No. 13,869.

MEYER *v.* DELTA MARKET.
(57 P. [2d] 3)

Decided March 16, 1936. Rehearing denied April 27, 1936.

Messrs. FAIRLAMB & FAIRLAMB, for plaintiff in error.

Messrs. STEWART & BROWN, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

DURING the year 1933, one Martinez, a beet worker, defendant in the trial court, became indebted to the Delta

Market, plaintiff below, in the amount of $37.35 for groceries sold and delivered to him. In November, 1934, plaintiff brought suit against defendant, sued out an attachment and served a garnishee summons on one John Clark. Martinez had been employed by Clark in thinning, hoeing, and topping beets. Clark, in his contract with the Holly Sugar Company referred to herein as the company, had requested the company to furnish him labor, and had arranged with it to finance him in making a crop upon which he had given a chattel mortgage to cover such advances for labor and other expenses as he might require. The field man of the company, before any of the wages referred to herein were earned by Martinez, told one Meyer, a grocer, that if he would let Martinez have groceries the company would write in Meyer's name as a payee on any checks from it to Martinez so that Meyer would be protected in the payment for groceries so sold.

When the first hoeing was finished Clark personally paid Martinez, and the company made its check direct to Clark for $9.75. While the thinning of the beets was in progress Clark personally paid $10 on account to Martinez. When the thinning was completed the check for this work in the amout of $61.37 was made to Clark in order that he might protect himself on the $10 advance payment. Martinez and Clark went to Meyer's store and upon their advice to Meyer that $10 had been paid by Clark, Meyer cashed the check and Clark was reimbursed to the extent of $10 out of the proceeds.

The foregoing is a narration of the transactions between the parties prior to garnishment.

At the time of garnishment, Martinez, in working for Clark, had earned $29.75, which was unpaid. Clark answered the garnishee summons, stating that he was indebted to Martinez, as he believed, in the sum of $50 to $60. It developed in fact that the amount was $29.75. After the garnishee summons was served on Clark the company wrote its check for this amount, making it pay-

able to Martinez, Meyer, and the justice of the peace before whom the suit was tried. On the trial of the case before the justice, Martinez admitted his indebtedness to the plaintiff and judgment was entered in favor of the latter against him for the sum of $37.35. In the justice court, on the trial of Meyer's claim of a prior right to the wages for Martinez' labor represented by the check, judgment was entered in favor of the plaintiff and Meyer appealed to the county court, which likewise held that plaintiff had a prior right under the garnishment to have the proceeds of Martinez' labor applied to the payment of its judgment. The cause comes here from the county court on writ of error.

We think the judgment of the county court correct. The record does not disclose that the clause in the contract between the company and Clark was an absolute obligation on the part of the company to furnish labor. At the bottom of the contract form appeared the words "Labor wanted," followed by a blank, in which Clark had written the word "Yes." The representative of the company testified that this provision of the contract, as construed in practice, does not mean that the company agrees to furnish the labor for the grower, but merely that it will assist in securing the labor. He further testified that "There is nothing definitely promised to a Mexican by the company that he will be paid, when he works in the beets, but it is the policy and custom of the company to see that they are paid." He further stated that under arrangements, such as were made with Meyer, the company did not undertake to make payment for groceries furnished; that its agreement under such arrangements was merely to put the grocer's name on checks for such monies as it paid by check to the worker.

It is not disputed that plaintiff had no notice of the arrangements with Meyer. Neither does it appear that Martinez authorized the company to make checks for money due him payable to him and Meyer jointly.

424

■ Under such a record, we think the trial court's finding that there was no agreement on the part of the company to pay Meyer for groceries furnished to Martinez, of which plaintiff is required to take cognizance, is sustained by the evidence. It further appears from the record that when the company sent Martinez to Clark that Martinez made his contract of employment directly with Clark and that the company was not a party to that contract. Under such a state of the record it is apparent that the wages were due from Clark to Martinez as he stated in his answer to the garnishee summons. Clark had no agreement with Meyer to protect him and by service of the garnishment plaintiff acquired a right to have the indebtedness from Clark to Martinez applied to the satisfaction of its claim.

■ The trial court in entering its order that Meyer should within five days endorse the check made by the company payable to Martinez, Meyer and the justice of the peace, confused the check with the indebtedness. The check came into existence after the garnishee summons was served. The garnishment did not affect the check, but merely the indebtedness of Clark to Martinez. Having determined that Meyer had no right to have the amount due on the indebtedness applied to the satisfaction of his claim, the only further action within the jurisdiction of the trial court was, on application, to order a judgment against Clark in favor of the defendant Martinez for the use of the plaintiff. §§6117, 6118, C. L. 1921; §141, Code of Civil Procedure.

The judgment of the trial court is affirmed, except as to that part thereof in which the claimant Meyer is required to endorse the check, and the cause is remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BOUCK concur.